IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH CHRISTOPHER DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 23-0047-JB-MU |
| | ) | |
| RICHARD HETRICK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Joseph Christopher Davis, a pretrial detainee, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus by a Person is State Custody, which was docketed in this Court on February 6, 2023. (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R) for appropriate action. At the time of filing, Petitioner did not pay the required $5.00 filing fee, nor did he file a motion to proceed without the prepayment of fees on this Court's form.

On February 8, 2023, the Court ordered Petitioner to pay the required $5 filing fee or a motion to proceed without prepayment of fees on this Court's form by March 9, 2023. Because the petition filed by Petitioner was not on this Court's form for a petition under 28 U.S.C. § 2241, which is the proper form in this action because Petitioner has not yet been convicted, the Court also ordered Petitioner to complete and file this Court's form for a § 2241 petition on or before March 9, 2023**.** Petitioner was specifically cautioned that the failure to comply with the Court's February 8 Order within the prescribed time would result in the dismissal of this action without prejudice

for failure to prosecute and to comply with the Court's Order.

As of this date, Petitioner has not paid his $5.00 filing fee, a motion to proceed without prepayment of the filing fee, nor a petition under § 2241 on this court's form and has, therefore, failed to comply with this Court's Order. As a consequence of Petitioner's failure to comply with the Court's Order, and upon consideration of the alternatives that are available to the Court, it is **RECOMMENDED** that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  To be

specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **27th** day of **March, 2023**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**
